**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01613-MEH

PARAMROOP KHALSA,

      Plaintiff,

v.

COLORADO MOUNTAIN COLLEGE, POLICE ACADEMY,
STEWART CURRY, Director
TODD HALLER, Instructor
LISA RUNCK,
ELIZABETH POULOS,

      Defendants.

---

**MOTION TO DISMISS**

---

Defendants, Colorado Mountain College ("CMC"), Stewart Curry, Todd Haller, Lisa Runck, and Elizabeth Poulos, by and through undersigned counsel, move to dismiss Plaintiff's Complaint [ECF 1] because it is time-barred by the applicable statute of limitations, under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. In support thereof, Defendants state as follows:

**D.C.COLO.L.Civ.R. 7.1(A) Conferral**

Although conferral is not required, undersigned counsel certifies that they conferred with Plaintiff and shared the legal basis for this Motion with Plaintiff. Plaintiff objects to the relief requested herein.

## SUMMARY OF ARGUMENT

Plaintiff brings a single claim of intentional discrimination under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which prohibits discrimination on the basis of race, color, and national origin in programs and activities receiving federal financial assistance. Plaintiff's Complaint should be dismissed because it was not filed within the applicable statute of limitations under Colo. Rev. Stat. § 13-80-102.  Further, the Court lacks subject matter jurisdiction over Plaintiff's claims because "Colorado Mountain College, Police Academy" does not exist, and CMC, as an entity, lacks the capacity to be sued. In addition, Plaintiff's Title VI claim against the individual defendants (Curry, Haller, Runck, and Poulos) should be dismissed because Title VI does not provide a cause of action against individuals. Finally, Plaintiff's complaint fails to allege sufficient facts connecting his race, color, or national origin to any discriminatory action on the part of any defendant.

## PLAINTIFF'S ALLEGATIONS

Plaintiff describes himself as a 2018 candidate for Garfield County Sheriff. ECF 1, p. 4. After losing the election, he enrolled in law enforcement training at CMC in August 2019. *Id*. He aspired to pass the "CLETA exam", which Plaintiff describes as a requirement for being a sheriff in Colorado. *Id*.[1]

---

[1] Plaintiff's use of "CLETA" appears to be a reference to CMC's Colorado Law Enforcement Training Academy.

According to Plaintiff, his firearms instructor, Todd Haller ("Instructor Haller"), told him during class introductions on September 19, 2019, "We don't get your kind here." *Id*. During subsequent classes on September 20 and 21, 2019, Instructor Haller is alleged to have made comments in a "screaming fashion" at the gun range, including, "Khalsa you scare me" and "Khalsa you're a yogi how come you don't get this?". *Id*. Plaintiff did not observe any other students receiving the same type of "harassment" during the class. *Id*.

Plaintiff met with the program director, Stewart Curry ("Director Curry"), on September 26, 2019, in Director Curry's office. *Id*. According to Plaintiff, Director Curry told him there was nothing he could do about Plaintiff's experience in the firearms course. *Id*. Director Curry also did not inform Plaintiff of the "truth" about the firearms course—that the instructor came from a "paramilitary discipline" and "military type" behavior was expected. *Id*. Plaintiff states that such information would have "changed the whole outcome" of the course. *Id*. Prior to the firearms course, Plaintiff says that no "formal military behavior" had been required. *Id*.

According to Plaintiff, Instructor Haller removed him from the firearms course on September 27, 2019. *Id*. On the same day, Instructor Haller escorted him off the gun range, with Director Curry walking behind him. *Id*. Director Curry told Plaintiff that he would be refunded his money for the course if he quit that day. *Id*. Plaintiff says he remained in the course. *Id*. at p. 4–5.

On October 14, 2019, Plaintiff filed a complaint with Dean Lisa Runck ("Dean Runck"), alleging discrimination by Instructor Haller. *Id.* at 5. Dean Runck responded on October 21, 2019, that Plaintiff's claims were "false", and no wrongdoing had been committed. *Id.* No further action was taken regarding Plaintiff's Complaint. *Id.*

On November 1, 2019, Plaintiff's "college counselor" informed him that he would be eligible to take the firearms course again if he obtained a concealed carry weapon permit, which requires instruction at a gun range. *Id.* Plaintiff took the concealed carry course and sent Director Curry a picture of his certification of completion on August 25, 2020, which according to Plaintiff, would have allowed Plaintiff to participate in the fall firearms course. Director Curry responded that he would contact Plaintiff in September but never did. *Id.* On December 16, 2020, Plaintiff again contacted Director Curry for a place in the firearms course. Director Curry responded that he would get in touch with Plaintiff in April, but he never did. *Id.* Finally, on August 16, 2021, Plaintiff wrote Director Curry asking again to enroll in the firearms course and received a response from Dean Elizabeth Poulos ("Dean Poulos"). *Id.* According to Plaintiff, Dean Poulos awarded Plaintiff a Criminal Justice Associates Degree without him having to complete the firearms course. *Id.*

Plaintiff intended to become a policeman and work ten years in the field, eventually transitioning to consultation and training. *Id.* Without the firearms

certification, however, Plaintiff has "no chance of doing anything related to police" and "has no credibility." *Id.* Plaintiff requests ten years payment as a police officer at $45,000 per year, along with $30,000 for his schooling, for a total of $480,000 plus court costs. *Id.*

## STANDARD OF REVIEW

### I.     Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case but rather a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are tribunals of limited jurisdiction and may only exercise their jurisdiction when specifically authorized). "A court lacking jurisdiction . . . must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See id.* Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

### II.    Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of Plaintiff's Complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*,

173 F.3d 1226, 1236 (10th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that Plaintiff must plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*Twombly* requires a two-prong analysis. First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth"—that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 680. Second, the Court must consider the remaining factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] '[has] not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008) (quoting *Twombly*, 550 U.S. at 570). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017 (quoting *Kan. Penn Gaming, LLC v. Collins*, 656

F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standards do not require a plaintiff to establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

A barebones recital of the elements of a cause of action, supported merely by "conclusory" statements, is not sufficient. *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," and "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

## III.     Treatment of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's pleadings "liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v.*

*New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* Accordingly, the Court must "not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Peterson v. Shanks,* 149 F.3d 1140, 1143 (10th Cir. 1998) (quoting *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989)).

## <u>ARGUMENT</u>

**I.      Plaintiff failed to file his claim within the applicable statute of limitations period.**

Federal law does not expressly provide a statute of limitations for civil rights claims brought under 42 U.S.C. § 2000d. *Baker v. Bd. of Regents of State of Kan.,* 991 F.2d 628, 630 (10th Cir. 1993). In such cases where federal law is lacking, courts should look to state law, so long as the state law does not violate federal law or the Constitution. *Id.* (citing 42. U.S.C. § 1988).

The first step in determining the applicable statute of limitations is to characterize the nature of the federal claim alleged. *Garcia v. Wilson*, 7341 F.2d 640, 642 (10th Cir. 1984).  Here, Plaintiff alleges discrimination under Title VI of

the Civil Rights Act of 1964, 42 U.S.C. § 2000d. "Title VI claims are best characterized as actions for injury to personal rights." *Baker*, 991 F.2d at 631. Thus, Colorado's two-year statute of limitations for personal injury actions, § 13-80-102(f) and (g), C.R.S., applies to this action. *See id; Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1532-1533 (10th Cir. 1995).

Federal law dictates when the federal action accrued. *Baker*, 991 F.2d. at 632. For purposes of the statute of limitations, "[a] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*. A plaintiff "need not have conclusive evidence of the cause of an injury . . . to trigger the statute of limitations." *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004). Instead, the question is "whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Id.*

The substantive factual allegations described in Plaintiff's complaint occurred in September and October 2019. *See* ECF 1, p. 4-5. The alleged comments directed to Plaintiff by firearms Instructor Haller occurred on September 19, 20, and 21, 2019. *Id*. at 4. Plaintiff's meeting with Director Curry took place on September 26, 2019, and Plaintiff was removed from the firearms course on September 27, 2019. *Id*. Plaintiff filed a complaint with Dean Runck, claiming discrimination by Instructor Haller on October 14, 2019. On October 21, 2019, Dean Runck notified Plaintiff that his claims were unfounded. *Id*. at 5.

9

According to Plaintiff's timeline, he should have filed his complaint no later than October 21, 2021, when Dean Runck informed him that his allegations that he had been discriminated against by Instructor Haller or any other staff were unfounded, and that CMC would not be taking any further action. Plaintiff filed his instant complaint on June 29, 2022. Consequently, Plaintiff's claim is barred by Colorado's two-year statute of limitations, § 13-80-102, C.R.S., and his Complaint should be dismissed.

II.    **Fed. R. Civ. P. 12(b)(1)**

A.    **Plaintiff's claims against CMC should be dismissed for lack of subject-matter jurisdiction.**

Plaintiff sued "Colorado Mountain College, Policy Academy." There is no entity known as the "Police Academy" at CMC or "Colorado Mountain College, Police Academy." A nonexistent entity cannot be sued. Fed. R. Civ. P. 17(b).

B.    **Plaintiff's claim against the individual defendants should be dismissed because Title VI does not provide for individual liability.**

Plaintiff failed to specify whether he brings his Title VI claim against the individual defendants in their official or individual capacities; regardless, the claim against the individual defendants should be dismissed.  Title VI prohibits discrimination by recipients of federal funding. 42 U.S.C. § 2000d-4a.  *McDaniel v. Dominium Management Services Inc.*, LLC, 2022 WL 1316385, *5 (D. Colo. May 3, 2022). Individuals cannot be liable under Title VI. *Id.*; *Silva v. St. Anne Cath. Sch.*,

595 F. Supp. 2d 1171, 1179 (D. Kan. 2009). For this reason, the proper defendants in a Title VI case is the entity that received federal funding, not an individual.

Furthermore, suits against employees in their official capacity operate as a suit against the entity itself. *Rubio v. Turner Unified School Dist. No. 202*, 453 F.Supp.2d 129k5, 1299-13000 (D. Kan. 2006) (*citing Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Courts have recognized that claims against individuals acting in their official capacities should be dismissed because they are redundant of the claim against the entity. *Id.* Under such circumstances, courts have dismissed official capacity claims against individuals who are sued in their official capacities. *Id.* For the reasons provided above, Plaintiff's Title VI claim against the individual defendants should be dismissed.

## III.   Fed. R. Civ. P. 12(b)(6)

### A.   Plaintiff failed to allege sufficient facts to support a race, color, and national origin discrimination claim.

In his Complaint, Plaintiff does not identify his race, color, or national origin, let alone tie his unknown race to discrimination by any of the Defendants. Plaintiff also fails to outline a connection between his race, color, or national origin and any alleged discriminatory conduct on the part of the Defendants. Therefore, the Complaint is deficient on its face and should be dismissed.

Title VI of the Civil Rights Act of 1964 provides that no person shall "be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial

11

assistance" because of the person's race, color, or national origin. 42 U.S.C. § 2000d. Thus, to state a Title VI claim, Plaintiff must allege facts showing that (1) Defendant intentionally discriminated against him based on his race, color, or national origin, and (2) Defendant receives federal financial assistance. *Id.* Plaintiff's Complaint is devoid of any allegations that the individual defendants are beneficiaries of federal financial assistance. For this reason, the alleged conduct by the individual defendants is not within the purview of Title VI. *Buhendwa v. Regional Transportation District*, 21014 WL 1715224, *3 (D. Colo. Apr. 30, 2014).

In addition, Plaintiff cannot prevail on a Title VI claim unless he can demonstrate "a causal connection between the adverse actions and his membership in a protected class." *Alja-Iz v. Ramsey*, No. 3:14-CV-618-DJH, 2017 WL 6485803, at *14 (W.D. Ky. Sept. 13, 2017), *report and recommendation adopted*, 2017 WL 6504012 (W.D. Ky. Sept. 22, 2017); *see also Irwin v. Bd. of Regents for Okla. Agric. & Mech. Colls.*, 68 F.3d 483, 1995 WL 597257, at *2 (10th Cir. 1995) (Table decision) (citing *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994)) (explaining that a plaintiff must show a nexus between alleged derogatory remarks and an adverse action). Finally, the Court "should 'show great respect for the faculty's professional judgment' when review of a purely academic decision is involved." *Irwin*, 1995 WL 597257 at *1 (quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985)).

In *Irwin*, the Tenth Circuit affirmed summary judgment in favor of the defendant where the plaintiff, a Chinese Ph.D. student, failed to establish a connection between her failing grade and derogatory remarks made by her professors. 1995 WL 597257, at *1, *2. Even though one professor had made a comment linking the plaintiff's national origin to her success in the program, the comment "was made four years before the exam in an unrelated context," and "therefore [wa]s not probative of discrimination." *Id.* at *2; *see also Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 532 (S.D.N.Y. 2013) ("Nowhere in either the Complaint or his opposition papers does [plaintiff] allege that any defendant referred to his race . . ., nor does he recite any other fact from which race[]. . . based discriminatory intent reasonably could be inferred."); *Scaggs v. N.Y. Dep't of Educ.*, No. 06-CV-0799 (JFB)(VVP), 2007 WL 1456221, at *11 (E.D.N.Y. May 16, 2007) ("A [Title VI] complaint falls short . . . where, as in this case, it fails to incorporate any factual allegations that would indicate how his race . . . or national origin played a role in the alleged actions against plaintiff." (quotation omitted)).

Plaintiff's discrimination allegations are not merely conclusory, they are practically nonexistent. In addition to never identifying his race, color, or national origin, Plaintiff does not point to an act or statement by the College or its employees that creates any nexus between his protected class and any act taken or not taken by the Defendants. Plaintiff alleges that he was removed from a course, but he was

not expelled from the college or denied any of its benefits. It was even suggested to Plaintiff how he might re-enroll in the course he had been removed from—i.e. complete a concealed carry class—and Plaintiff was ultimately awarded the degree he was pursuing. *See* ECF 1 at 4–5.

Plaintiff alleges that Instructor Haller made three "comments" made to him during the firearms course. *See id.* at p. 4. The first comment was, "We don't get your kind here." *Id.* Without further context, the discriminatory intent or effect of this comment is unclear. Any connection between this comment and any race-, color-, or national origin-based discrimination in Plaintiff's removal from the firearms course on September 27, 2019, is not explained in the Complaint. Similarly, Instructor Haller's other two alleged comments on September 20 and 21, 2019—"Khalsa you scare me" and "Khalsa you're a yogi how come you don't get this?"—are devoid of any connection to Plaintiff's protected class. *See id.* Plaintiff also fails to link these latter comments to his exclusion, denial of benefits, or discrimination of any kind by the College or other Defendants.

Plaintiff met with Director Curry on September 26, 2019, apparently to talk about his experience in the firearms course. *Id.* At that time, Director Curry allegedly advised Plaintiff about Instructor Haller's "paramilitary discipline" and expectation of "military type behavior" in the firearms course. *Id.* Plaintiff claims if he had known that "formal military behavior" was required for the class that "would have changed the whole outcome." *Id.* According to Plaintiff, he was removed from

14

the firearms course the next day, on September 27, 2019, and that he was "escorted off" the gun range by Instructor Haller and Director Curry. *Id*. Plaintiff fails to explain how the meeting with Director Curry, the use of military behavior during the firearms course, or his removal from the class are in anyway connected to one another much less have any link whatsoever to his unknown race, color, or national origin, which are essential elements of Plaintiff's § 2000d claim.

Plaintiff filed a formal complaint with Dean Runck on October 14, 2019, claiming discrimination by Instructor Haller. *Id* at 5. He received notice from Dean Runck a week later, on October 21, 2019, that his claims were "false" and there had been "no wrongdoing on the part of anyone" at the college. *Id*. Plaintiff does not describe the specific content of his complaint or the Dean's response, nor does he allege anything to suggest Dean Runck, or the College, failed to take his complaint seriously. More importantly, Plaintiff alleges nothing to suggest that he was denied benefits or intentionally discriminated against by the College or any other Defendant on account of his race, color or national origin.

Finally, Plaintiff's Complaint cites his efforts to re-enroll in the firearms course. *See id.* at 5. He first sent an email to Director Curry asking to retake the course in August 2020; Director Curry asked Plaintiff to contact him again in September. *Id*. Plaintiff followed-up in December 2020, and Director Curry this time told Plaintiff he would get in touch with Plaintiff in April (2021), but he never did. *Id*. As with the other allegations in his Complaint, Plaintiff fails to demonstrate

15

any connection between the acts, or failures to act, by the Defendants and his race, color, or national origin. Plaintiff also does not establish any causal link or nexus between the acts, or failures to act, of the Defendants and his exclusion from, denial of benefits, or discrimination at CMC. Ultimately, Plaintiff fails to adequately allege sufficient factual conduct which would allow this Court to draw the reasonable inference that his unspecified race or national origin played any role in the alleged actions against him. Thus, his lawsuit should be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request the Court to dismiss Plaintiff's Complaint with prejudice under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendants also respectfully requests that the Court award any and all other relief as it deems just and proper.

DATED this 30th day of August, 2022.

PHILIP J. WEISER
Attorney General

*/s/Lucia C. Padilla*
Lucia C. Padilla, No. 35150*
Senior Assistant Attorney General
R. Warren Beck, No. 56004*
Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor

16

Denver, CO 80203
(720) 508-61XX; -6143
lucia.padilla@coag.gov
warren.beck@coag.gov

ATTORNEY FOR DEFENDANTS
*Counsel of record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing Motion to Dismiss upon all parties herein by depositing copies of the same via USPS, this 30th day of August 2022 at Denver, CO addressed as follows:

Paramroop Khalsa
459 Rio Grande Ave.,
New Castle, CO 81647
Paramroop1@gmail.com

*Plaintiff Pro Se*

*/s/Jen Davis-Weiser*