IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01613-MEH

PARAMROOP KHALSA,

      Plaintiff,

v.

COLORADO MOUNTAIN COLLEGE, POLICE ACADEMY,
STEWART CURRY, Director,
TODD HALLER, Instructor,
LISA RUNCK, Associate Dean, and
ELIZABETH POULOS, Dean,

      Defendants.

---

## SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

On June 29, 2022, Plaintiff filed his Complaint and Jury Demand. [ECF 1]. On

the same day, the Court entered a Minute Order and among other deadlines set a

Scheduling Conference for September 14, 2022. [ECF 5].

Plaintiff is *pro se*:

Paramroop Khalsa
459 Rio Grande Ave
New Castle, CO 81647
Telephone: 970-379-1138

Email: paramroop1@gmail.com

Attorneys for Defendants:

Lucia C. Padilla
Senior Assistant Attorney General
Warren Beck
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Telephone:  720-508-6572 (Padilla)
           720-508-6143 (Beck)
Email:  lucia.padilla@coag.gov
Email: warren.beck@coag.gov

## 2.  STATEMENT OF JURISDICTION

The Plaintiff in this case brings a single claim of intentional discrimination under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which prohibits discrimination on the basis of race, color, and/or national origin in programs and activities receiving federal financial assistance.

Title VI of the Federal code provides jurisdiction to federal courts to hear discrimination claims under 42 U.S.C. § 2000d. 28 U.S.C. § 1331 provides federal jurisdiction over federal questions.

Venue is proper because the incidents complained of occurred in Colorado and the parties reside in Colorado.

Defendants filed a pending Motion to Dismiss [ECF 11] asserting that Plaintiff's claims are barred because they were filed outside the applicable statute of limitations

period, Colo. Rev. Stat. § 13-80-102. Further, Defendants assert the Court lacks subject matter jurisdiction over Plaintiff's claims because "Colorado Mountain College, Police Academy" does not exist and Title VI does not provide a cause of action against the individual defendants. Finally, Plaintiff's Complaint fails to allege sufficient facts upon which relief may be granted. Defendants dispute that Plaintiff is entitled to any relief on the claims he has asserted.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.    Plaintiff:

The Plaintiff's claim is that the four players of the defense discriminated against Mr. Khalsa because of his religious faith and denied him completion of the course. Mr. Khalsa is a practicing Sikh who wears a turban and uncut beard. Each one played a part over the 4- year journey as they tainted Mr. Khalsa with being re-admitted to a firearms class as promised by Director Curry once a County Concealed Weapons Permit was acquired. Mr. Khalsa acquired that permit. Mr. Khalsa was denied entrance to every class which happens every semester until December 2021 when he was sent a degree without completing all the classes.

b.    Defendant:

The named Defendant, "Colorado Mountain College, Police Academy," does not exist; however, "Colorado Mountain College" is a public institution of higher education within the state of Colorado. More than 15,000 students attend CMC

annually. The college offers specialized certificates, as well as associate and bachelor's degrees in a wide range of academic programs. The Colorado Law Enforcement Training Academy is a degree program within CMC. CMC is a federally designated Hispanic Servicing Institution. The college has campuses in 11 different communities across Colorado, with the Central Services administrative office located in Glenwood Springs.

Defendant Todd Haller is an instructor in the law enforcement training academy at CMC.

Defendant Stewart Curry is the director of the law enforcement training academy at CMC.

Defendant Lisa Runck is the Associate Dean of Student Affairs at CMC.

Elizabeth Poulos is the Dean of Nursing, Health Sciences, Public Safety, Wellness and Outdoor Studies at CMC.

CMC is committed to providing an environment for its students and staff that is free from discrimination. Discrimination on the bases of race, color, or national origin or any other protected status is expressly prohibited by CMC.

Plaintiff enrolled in CMC's Law Enforcement Training Academy in the Fall of 2019.  A portion of Plaintiff's curriculum within the Law Enforcement Training Academy involved an interactive firearms course. Within his first few days on the gun range on or about September 19-21, 2019, Plaintiff displayed unsafe gun handling techniques, including but not limited to, pointing the muzzle of his firearm at an unintended target,

such as another student, instructor, or bystander. Despite receiving continual instruction about proper firearm handling techniques, Plaintiff continued to demonstrate unsafe gun handling. Plaintiff also displayed difficulty or resistance to feedback provided concerning safe gun handling techniques. As a result of Plaintiff having committed a number of safety violations and after several remedial efforts by instructors, Plaintiff was removed from the firearms portion of the Law Enforcement Training Academy. Plaintiff continued in CMC's Law Enforcement Training Academy, including having a subsequent class taught by Defendant Haller, and Plaintiff eventually received a degree from CMC.

CMC denies that it discriminated against Plaintiff based on his race, color, or national origin or any other protected status. Various instructors observed and evaluated Plaintiff's substandard and unsafe firearm handling techniques while he was on the gun range. Because Plaintiff failed to accept instruction and improve and implement safe gun handling techniques, CMC had no choice but to remove him from the firearms training course. CMC allowed Plaintiff to continue in its Law Enforcement Training Academy and awarded Plaintiff a degree. CMC's decision to remove Plaintiff from the firearms training course was based on legitimate, non-discriminatory reasons and there is no evidence that decision or any other decisions CMC took with respect to Plaintiff were based on his race, color, or national origin.

At this stage in the case, the following defenses are anticipated:

1.  Plaintiff's claim is barred by the statute of limitations.

2. The Court lacks subject-matter jurisdiction over Plaintiff's claim.

3. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

4. Plaintiff's request for damages is speculative and unsupported.

5. Defendants deny discriminating against Plaintiff based on his race, color, or national origin.

6. Defendants exercised reasonable care to prevent and promptly correct any and all alleged discriminatory actions, and Plaintiff failed to take advantage or any preventative or corrective opportunities provided by CMC or to otherwise avoid harm.

7. All actions taken by Defendants with respect to Plaintiff were lawful, reasonable under the circumstances, for legitimate, non-discriminatory reasons and in the good faith belief that Defendants acted in compliance with applicable laws and regulations.

8. All actions taken by Defendants with respect to Plaintiff were based on legitimate, non-discriminatory reasons that had nothing to do with  Plaintiff's race, national origin, or color, or any other protected status.

9. Defendants would have taken the same action with regard to Plaintiff regardless of Plaintiff's alleged protected status.

10. Plaintiff's claim may be barred by the doctrines of estoppel, laches, waiver, or election of remedies.

11. Plaintiff's claims may be barred by the doctrine of unclean hands.

12. Plaintiff failed to mitigate his damages, if any, in the matter and to the extent required by law.

13. Plaintiff's damages, if any may be barred or reduced by receipt of income from collateral sources.

14. Defendants acted in good faith and did not act in any way willfully.

15. Plaintiff has not stated a claim for punitive damages, and such damages may be not recovered from Defendants.

Plaintiff is liable to the Defendants for its costs, attorney's fees, and all other relief deemed just and appropriate.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff was a student at CMC starting in 2011. He took courses at CMC starting the Fall of 2011, resumed his coursework at CMC in the Spring semester 2019 and continued his coursework through the Spring semester of 2022.

2. Plaintiff enrolled and was accepted into CMC's Law Enforcement Training Academy in the Fall semester of 2019.

3. As part of the Law Enforcement Training Academy, Plaintiff was enrolled in an interactive firearms training course in the Fall semester of 2019.

4. After he displayed ongoing unsafe gun handling techniques, Plaintiff was

removed from the firearms training course on or about September 27, 2019.

5.      Mr. Khalsa contacted Dean Runck to file a discrimination complaint against Mr. Haller on or about the first week of October 2019.

6.      Plaintiff continued to complete courses the Fall semester of 2019 within CMC's Law Enforcement Training Academy.

7.      Plaintiff enrolled in and successfully completed an Arrest Control Techniques class taught by Defendant Todd Haller in the Spring semester of 2020.

8.      Plaintiff received an Associate of Applied Science degree in criminal justice from CMC in December of 2021.

## 5.  COMPUTATION OF DAMAGES

Plaintiff:

Mr. Khalsa waited a long time to go back to college to get a degree in an occupation of his choice. This choice was police work. He will never be able to get a job in this field due to this discrimination.

2.    Mr. Khalsa was denied a certificate in his chosen field by these players which denied him his pursuit of happiness.

3.    The choice of Criminal Justice leaves Mr. Khalsa in need of further college education to be competitive in other fields like teaching, advertising and hotel management. This may be 2 years' worth of required credits.

4.    Since Mr. Khalsa's experience he has had nightmares of those two days on the gun range being degraded and made fun of by Todd Haller.

5.    The loss Mr. Khalsa has experienced because of his religious beliefs has not been tallied yet. He spent his college working on police work. He now has to pick up the pieces and disregard them, this is not right.

Schooling costs.                                          $  30,000.00

Loss of income over 10 years                      $ 200,000.00

Mental anguish for never feeling good enough because  $ 250,000.00

of what I believe.

                                        ------------------------------

This amount helps me change my expectations.        $ 480,000.00

But does not change the wrong these people did. I would have rather passed the Firearms class then denied entrance to it.

Defendants:

Defendants deny that Plaintiff is entitled to any money damages, injunctive or equitable relief, pre-judgment or post-judgment interest, attorney's fees or costs, or any other relief in this action.

## REPORT OF PRECONFERENCE DISCOVERY AND MEETING
## UNDER FED. R. CIV. P. 26(f)

a.    Date of Rule 26(f) meeting: September 13, 2022 at 11:00 a.m.

b.     Name of each participant and party he/she represented.

Plaintiff is *pro se* and attended on his behalf, and Lucia Padilla and Warren Beck from the Colorado Attorney General's Office attended on behalf of the Defendants.

  c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

  Fourteen (14) days following the parties Rule 26(f) meeting.

  d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

  None.

  e.  Statement concerning any agreements to conduct informal discovery:

  None.

  f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

  The parties agree to use a unified exhibit numbering system. The parties also agree to permit service of discovery requests and responses by e-mail only, unless a hard copy of such discovery requests or responses is expressly requested.

  g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

  Extensive ESI is not expected in this case, although the parties anticipate that disclosures or discovery regarding the claims and defenses will involve some electronically stored information, primarily in the form of email communications. The

parties agree to preserve emails through their respective email systems. The parties agree to confer regarding search protocols, including specifying search terms and custodians, in response to discovery requests that call for the production of e-mail correspondence, and to continue to confer on the appropriate form of production of ESI. The parties agree to work cooperatively to avoid discovery disputes related to ESI and, in the event a dispute arises, the parties will attempt to resolve any such disputes in accordance with the U.S. District Court for the District of Colorado's Guidelines Addressing the Discovery of Electronically Stored Information (2014).

h.　　Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties are open to discussion and will continue to explore the prospect of settlement. The parties will notify the Court if alternative dispute resolution is desired.

### 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a.　　Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties do not propose modifying the presumptive number of depositions or interrogatories contained in the Federal Rules. Each side shall be limited to 25 interrogatories. Each side shall be limited to 10 depositions.

b.      Limitations which any party proposes on the length of depositions.

The parties do not propose modifying the length of depositions established in the applicable Federal Rule. Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each party side will be limited to 25 requests for production and 25 requests for admission.

d.      Other Planning or Discovery Orders

The parties agree to provide all identified discovery materials in electronic form, where possible.

e.      Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov.  *See* Fed. R. Civ. P. 16, cmt. 2015 Amend.  The Court will determine at the conference whether to grant the movant leave to file the motion. *See* Section III(C) of Magistrate Judge Hegarty's Practice Standards for Civil Actions.

## 9.  CASE PLAN AND SCHEDULE

a.   Deadline for Joinder of Parties and Amendment of Pleadings: December 30, 2022.
.

b.   Discovery Cut-off:  February 15, 2023.

c.   Dispositive Motion Deadline:    March 15, 2023.

Expert Witness Disclosure:

1.  The parties shall identify anticipated fields of expert testimony, if any.

Defendants anticipate an expert(s) only for rebuttal.

2.  Limitations which the parties propose on the use or number of expert witnesses.

The parties propose a limit of two (2) expert witnesses per side, including rebuttal experts.

3.  The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 15, 2022.

4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before

Plaintiff: November 15, 2022
Defendant: December 15, 2022.

e.  Identification of Persons to Be Deposed:

Plaintiff's Preliminary Designation (subject to change):

Defendant's Preliminary Designation (subject to change):

a.  Plaintiff (7 hours)
b.  Any expert designated by Plaintiff (4-5 hours)

### 10.  DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

.

b.      A Final Pretrial Conference will be held in this case on **May 18, 2023 at 10:00 a.m**.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.              Anticipated length of trial and whether trial is to the court or jury.

Anticipated length of trial is 2-3 days. Trial is to the court.

c.              The proceedings in this case are most practically conducted in the U.S. District Court's Denver Facilities.

### 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 15th day of September, 2022.

BY THE COURT:

S/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

APPROVED:

COLORADO ATTORNEY GENERAL

/s/ Paramroop Khalsa                    /s/    Lucia C.Padilla

Paramroop Khalsa                     Lucia C. Padilla
Plaintiff, *pro se*                  Senior Assistant Attorney General
459 Rio Grande Ave                   Employment Practices and Civil Rights Division
New Castle, CO 81647                 1300 Broadway, 10th Floor
Tele: 970-379-1138                   Denver, CO 80210
Email: paramroop1@gmail.com          Tele: 303-508-6572
                                     Email: lucia.padilla@coag.gov

Pro se Plaintiff                     Attorney for Defendants