IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01613-MEH

PARAMROOP KHALSA,

Plaintiff,

v.

COLORADO MOUNTAIN COLLEGE, POLICE ACADEMY,
STEWART CURRY, Director,
TODD HALLER, Instructor,
LISA RUNCK, and
ELIZABETH POULOS,

Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's "Motion for Appointment of Counsel." ECF 20. Under 28 U.S.C. § 1915(e)(1), a district court may, in its broad discretion, appoint counsel to an indigent party in a civil case. *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991). However, civil litigants enjoy no constitutional right to an attorney, *Johnson v. Johnson,* 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam), and the Court does not have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Therefore, the Court can appoint volunteer counsel to represent a party if the Court determines in its discretion that is appropriate to do so. *See* D.C.Colo.LAttyR 15, Civil Pro Bono Representation.

"Pursuant to D.C.Colo.LAttyR 15(e), the following unrepresented parties are eligible for appointment of pro bono counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner,

unrepresented party who demonstrates limited financial means." *Fleming v. Sims*, No. 17-cv-01827-STV, 2017 WL 10333529, at *1 (D. Colo. Sept. 15, 2017). A defendant who satisfies those criteria is eligible for appointment of pro bono counsel. D.C.Colo.LAttyR 15(e)(2). In addition to considering eligibility, the Court will appoint volunteer counsel only if a consideration of the following factors so warrants: (1) the nature and complexity of the action; (2) the potential merit of the claims and defenses of the unrepresented party; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel. D.C.Colo.LAttyR 15(f)(1)(B); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams*, 926 F.2d at 996). Finally, courts should consider whether special circumstances exist, such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), in which the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff seeks the appointment of volunteer counsel based on his view that his claims are meritorious and that he is unable to retain an attorney. ECF 20, 2. Plaintiff is not proceeding *in forma pauperis* nor is he a prisoner. Consequently, "he must demonstrate that he has 'limited financial means' to be eligible for the appointment of pro bono counsel." *Fleming*, 2017 WL 10333529, at *1. Defendant has not demonstrated limited financial means through affidavit or otherwise. He simply states that he looked for an attorney for two weeks and "was not able to find one." ECF 20, 2. Without demonstrating limited financial means, the Court is unable to determine whether Plaintiff is eligible for panel representation. D.C.Colo.LAttyR 15(e). Once Defendant "can demonstrate his eligibility and that he made unsuccessful attempts to obtain

counsel through other means, he may renew his request for the appointment of pro bono counsel."

*Fleming*, 2017 WL 10333529, at *2. For the reasons described, Plaintiff's Motion for Appointment of Counsel [filed September 21, 2022; ECF 20] is **denied without prejudice** with leave to refile in accordance with this Order**.**

Entered and dated at Denver, Colorado, this 26th day of September, 2022.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge