FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
12:36 pm, Sep 28, 2022
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. ____1:22-cv-01613-MEH_____

Paramroop Khalsa,

     Plaintiff(s),

v.

COLORADO MOUNTAIN COLLEGE, POLICE ACADEMY
STEWART CURRY, Director
TODD HALLER, Instructor
LISA RUNCK
ELIZABETH POULOS,
     Defendant(s).

---

**MOTION TO CONTINUE TO TRIAL, NOT DISMISS**

---

Plaintiff, Paramroop Khalsa has one claim Civil Rights Act of 1964, 42 U.S.C. : 2000d, this denial of completing the Police Academy course to be able to take a Police certification exam. The was a group effort by the Academy Staff and the Administration Staff of the college. This was a three-year process ending with a Bachelors degree in Management and Leadership and an Associates degree in Criminal Justice for Mr. Khalsa, which was completed in May 2022. The discrimination is based on religious freedom of wearing his Sikh headwear and uncut beard. Also, the discrimination relates to Mr. Khalsa's desire to run for sheriff in this election (2022) as this was his motivation of returning to college. Instructor Haller's behavior went beyond acceptable on the gun range and put a stop to Mr. Khalsa's Sheriff's project and police career. All the other plaintiffs agreed.

**Answer to Dismissal Points**

Paramroop Khalsa is a practicing Sikh who wears a turban and uncut beard and has been doing so since 2012. It is part his religious practice. He is also a certified Yoga Teacher and teaches currently. Mr. Khalsa's goal in attending Colorado Mountain College was to give him options, one to run for Garfield County Sheriff a second time with more qualifications, second to teach meditation and yoga to police.

The Civil Rights Act of 1964, 42 U.S.C. $ 2000d has been revised and updated and expanded over the years, yet because it covers Agencies behavior in discouraging discrimination by cutting Federal funds to those schools who discriminate. Finding facts about discrimination in a college are no different than finding needles in the haystack, usually, getting stuck while looking seems to be the way. Mr. Khalsa had a short conversation with Dean Runck prior to the start of his attendance at the Academy and said, "I was privileged to get in the Colorado Mountain College Police Academy", and she said, "Yes you are".  One month later, I filed a discrimination report. On her review everything I filed in the discrimination report was a lie. She now confirmed she supported this exclusive club of deciding who is in and who is out.

Colorado Mountain College which sits up in rural Colorado is a candidate for inspection by the proper federal agency which investigates discrimination of who they allow in and who they delete. I have found information of cadets have who gone by the wayside without being counted. His experience with Director Curry suggests he has many secrets like allowing those he likes and not allowing those he doesn't like. This

2

special group which receives Federal Funds has no watchdog to monitor their actions and discrimination is part their program.

### Time Limitation

The last event in this discrimination case was in December of 2021 when Dean Poulos issued a Criminal Justice degree to Mr. Khalsa when plaintiff had an "F" in the class he was removed from by Todd Haller and part of the required courses for that degree.

### Colorado Mountain College Police Academy not real?

Mr. Khalsa signed an agreement with Colorado Mountain College Police Academy at the start of his class in August 2018. The agreement included a list of rules and procedures of the class. This document was signed by every student. Therefore, Colorado Mountain College should then be held responsible directly.

### Cause to Action

Director Curry's behavior and his responses to Mr. Khalsa inquiries show specific actions that lead Mr. Khalsa from being removed from the Firearms Class, these actions certainly fall within the Title 6 U.S.C. 42 :1983 Jurisdiction. Director Curry is an Active Police Person serving in a Public Service Capacity where C.R.S. 18-8-405 (b) Violates any statute or lawfully adopted regulation relating to his office. The relating document is the mission statement of the college. This document says, "We embrace diversity in its many forms and work actively to create an inclusive and welcoming college community. Also, another one not followed by Director Curry is, "We care about each other and treat

3

everyone with civility, dignity, and respect." Understanding these are the Colleges commitment to the students all Instructors are meant to follow these rules. This was not the experience Mr. Khalsa was given and the Plaintiff shall cite several violations of the law at trial.

Instructor Haller the gun instructor for the Academy is a long-time gun enthusiast as he acknowledged in his initial lecture to the class. He loved guns and shooting them is what he said. The first-class Mr. Khalsa had with Instructor Haller he went around the room, and students were told to introduce themselves and what police agency they were joining. He was brash and obscene with his comments from the start.

The next day Mr. Haller on several occasions made a conscious effort to verbally harass Mr. Khalsa in an attempt to humiliate, demean, insult and criticized him throughout day one and day two of the Firearms class.

Before day three of Firearms class Mr. Khalsa met with Director Curry to discuss an alternative situation. Director Curry did nothing. Said nothing about paramilitary instruction.

Day 3 on Gun Range. Mr. Khalsa was ejected from class in the early part of the day. Mr. Haller and his assistant Brian had a premeditated plan to cause Mr. Khalsa to make an illegal move and have him removed from the firearms class.

**Conclusion**

These actions clearly were discriminatory and premeditated by both Director Curry and Instructor Haller. The scope of Title 6 U.S.C. 42: 1983 covers this scope of discrimination and a plan to compensate victims.

5

Mr. Khalsa is seeking punitive damages for verbal punishment by Mr. Haller. Disregarding C.R.S.18-8-405 by Director Curry. The college staff assisted Director Curry and Instructor Haller's wishes to deny Mr. Khalsa from completing the Police Academy program. All their actions together allowed this discrimination to take place and deny a student's right to their Constitutional Rights to complete this program without disruption.

Dated this day September 28, 2022.

Paramroop Khalsa,

Plaintiff,

_____X_ Paramroop Khalsa_____

**Certification of Service**

**I certify that I served the foregoing Motion to Not Dismiss Continue**

**Upon all parties herein by depositing copies of the same via USPS, this 28 September 2022**

**from New Castle Colorado**

**to:**

**Lucia C. Padilla, No. 35150**

**1300 Broadway, 6th Floor**

**Denver, CO 80203**