IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01613-MEH

PARAMROOP KHALSA,

Plaintiff,

v.

COLORADO MOUNTAIN COLLEGE, POLICE ACADEMY, et al.,

Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants, Colorado Mountain College, Police Academy; Stewart Curry, Director; Todd Haller, Instructor; Lisa Runck; and Elizabeth Poulos (collectively "Defendants"), submit their Reply in Support of Motion to Dismiss (ECF 11) and state as follows:

**I.    Plaintiff's claim is time-barred because he failed to file his Complaint within the two-year statute of limitations period.**

Plaintiff does not dispute that the applicable statute of limitations is two years. ECF 22, p.3; *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 631 (10 Cir. 1993); Colo. Rev. Stat. § 13-80-102(f) and (g). In his response to the Motion to Dismiss, Plaintiff asserts that the "last event in this discrimination case" occurred in December 2021 when CMC awarded him a bachelor's degree in criminal justice. ECF 22. Plaintiff's analysis is flawed for the following reasons.

First, CMC issuing Plaintiff a degree in criminal justice is not an adverse action that gives rise to a claim of intentional discrimination. As such, it cannot be the event or injury that is the basis of Plaintiff's Title VI claim. *McDaniel v.*

*Dominium Management Services*, LLC, 2022 WL 1316384, *3 (May 3, 2022) (unpublished) (holding that to state of claim of discrimination under Title VI, a plaintiff must establish (1) membership in a protected class; (2) *an adverse action*; and (3) disparate treatment amongst similarly situated individuals) (emphasis added)).

Second, a civil rights action accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Baker*, 991 F.2d at 630-631 (*citing Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). A plaintiff "need not have conclusive evidence of the cause of an injury . . . to trigger the statute of limitations." *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004). Instead, the question is "whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Id.*

The discriminatory events that Plaintiff alleged form the basis of his Title VI claim occurred in September and October 2019. *See* ECF 1, p. 4-5. According to Plaintiff's Complaint, Defendant Haller made discriminatory comments to Plaintiff on September 19, 20, and 21, 2019. *Id.* at 4. Then Plaintiff was removed from the firearms course on September 27, 2019. *Id.* Finally, Defendant Runck notified Plaintiff that his discrimination complaint against Defendant Haller was unfounded on October 21, 2019. *Id.* at 5.

At the earliest, Plaintiff's claim accrued on September 19, 2019, when he alleges Defendant Haller made discriminatory comments to him, or on September 27, 2019, when he was removed from the firearms course for what he claims were

2

discriminatory reasons. His removal from the firearms course is when Plaintiff had "reason to know of the injury" which he complains of in this action. *See Alexander*, 382 F.3d at 1216; *see also* ECF 1 at p.4 titled "Claim One" wherein Plaintiff alleged his injury was being prevented from completing CMC's Colorado Law Enforcement Training Academy. At the latest, Plaintiff's claim accrued on October 21, 2019, when he received notice from Defendant Runck that his allegations were unfounded.

As of October 21, 2019, Plaintiff was aware of the adverse consequence of being removed from the firearms course and CMC sustaining that decision having found no merit to his discrimination complaint. Yet, Plaintiff did not file his Complaint until June 29, 2022, well beyond the two-year statute of limitations.  As a result, Plaintiff's claim is time-barred.

II.     **Plaintiff's claim against Colorado Mountain College, Policy Academy and the individual Defendants should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).**

A.     **Plaintiff's Complaint should be dismissed or in the alternative amended to identify Colorado Mountain College as the named party.**

In his suit, Plaintiff named "Colorado Mountain College, Police Academy." Defendant CMC acknowledges that Plaintiff attended its Law Enforcement Training Academy ("Academy") and may have signed documentation such as class expectations that identified the Academy. The Academy, however, is a degree program within CMC; it is not a stand-alone legal entity. Although CMC denies any liability and maintains its position that Plaintiff's Complaint should be dismissed

for reasons set forth in its Motion to Dismiss and this Reply, in the alternative Plaintiff should request leave to amend his Complaint to include CMC as the correct defendant. Granting leave to amend, however, would be futile and therefore should be denied as further explained below. *Rothe v. Sloan*, 2015 WL 3457894, *2-3 (D. Colo. May 29, 2015) (unpublished).

**B.    Plaintiff's claim against the individual defendants should be dismissed because individuals cannot be liable under Title VI.**

Individual defendants cannot be liable under Title VI, which prohibits discrimination due to a person's race, color, or national origin by any program or activity receiving Federal financial assistance. A "program or activity" is defined as "a college, university, or other postsecondary institution, or public system of higher education." 42 U.S.C. §2000d-4a. The statutory definition does not include individual employees of the college or university. *See id.* Therefore, the proper defendant in a Title VI case is the entity that receives federal funding, not the individual employees of such an entity. *McDaniel*, 2022 WL 1316384, at *5; *see also Webb v. Swensen*, 663 Fed.Appx. 609, 613 (10th Cir. 2016) (unpublished); *Shotz v. City of Plantation*, 344 F.3d 1161, 1171 (11th Cir. 2003) ("It is beyond question . . . that individuals are not liable under Title VI."); *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1356 (6th Cir. 1996) ("Plaintiff's claim also fails because she asserts her claim against [individual defendants] and not against the school, the entity allegedly receiving the financial assistance."). Thus, Plaintiff's claim against the individual defendants should be dismissed because they cannot be liable under Title VI.

In his response to Defendants' Motion to Dismiss, Plaintiff attempted to raise a new claim against the individual defendants under 42 U.S.C. § 1983. It is improper for Plaintiff to raise new claims or allegations in his response to Defendants' Motion to Dismiss. A party may not amend their complaint in a responsive pleading. *Heston v. FirstBank of Colorado*, 2020 WL 4350195, at *2 (D. Colo. July 28, 2020) (unpublished). In ruling on a 12(b)(6) motion to dismiss, the Court is limited to "only the allegations contained within the 'four corners of the complaint.'" *Heston*, at *2 (*quoting Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). Therefore, the Court may not consider Plaintiff's new claim or allegations made in his response to Defendants' Motion to Dismiss. *See id.*

Even if Plaintiff properly raised a § 1983 claim, which Defendants assert he has not through his responsive pleading, individual defendants cannot be liable under § 1983 for allegedly violating Title VI. In *K.D. by Nipper v. Harrison Sch. Dist. Two*, Judge Martinez affirmed that Title VI precludes liability against individuals and that a plaintiff cannot circumvent that aspect of Title VI by attempting to bring a § 1983 action against individual defendants. 2018 WL 4467300, at *8 n.5 (D. Colo. Sept. 18, 2018) (unpublished).

### III. Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because he failed to allege any facts to support a Title VI claim for race, color, or national origin discrimination.

In his Response to the Motion to Dismiss (ECF 22), Plaintiff made several new factual allegations, which as stated above in Section II.B. is improper. For example, Plaintiff claimed for the first time that he is a

5

practicing Sikh and Defendants' discrimination was "based on religious freedom of wearing his Sikh headwear and uncut beard." ECF 22, p. 1-2. Plaintiff also asserted new allegations that Defendants' discrimination "relates to Mr. Khalsa's desire to run for sheriff" in the 2022 election. *Id.* at 1. Additionally, Plaintiff stated in his Response that Defendant Haller and his assistant Brian "had a premeditated plan to cause Mr. Khalsa to make an illegal move and have him removed from the firearms class." *Id.* at p. 4.

These newly alleged facts are not properly before the Court. When ruling on a motion to dismiss under Rule 12(b)(6), "a federal court may only consider facts alleged within the complaint," including documents referred to in the complaint and central to the plaintiff's claim. *Cty. Of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002) (citation omitted); *see also Olympic Comm. v. Amer. Media, Inc.*, 156 F. Supp. 2d 1200, 1204 (D. Colo. 2001). It is well settled that a plaintiff cannot amend a complaint through filings in opposition to a defendant's motion to dismiss. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is "limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint") (citation omitted); *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206-07 (D. Colo. 2015). Because the Court's function is to assess whether the Plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted, it should not consider these new

allegations in deciding the Defendants' Motion to Dismiss. *Stinson v. Maynard*, 341 F. App'x 413, 417 (10th Cir. 2009).

Setting aside the fact that Plaintiff's new claims should not be considered by the Court, the new allegations he made in his response do not support a claim under Title VI, even when combined with the allegations in his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a claim of discrimination under Title VI, Plaintiff must allege facts that demonstrate that CMC discriminated against him based on his race, color, or national origin. 42 U.S.C. § 2000d; *McDaniel*, 2002 WL 1316385, *3. Plaintiff's allegations do not satisfy this standard.

Plaintiff alleged that Defendant Haller made three discriminatory comments to him during the firearms course: "We don't get your kind here", "Khalsa you scare me", and "Khalsa you're a yogi how come you don't get this?" ECF 1, at p. 4. In his response, Plaintiff claimed Defendant Haller's "behavior went beyond acceptable on the gun range" and he was "brash and obscene" in his interactions with Plaintiff. ECF 22, at p. 1 and 4. Other than a non-specific allegation that Defendant Curry's "behavior and responses" to Plaintiff affirm why Plaintiff was removed from the firearms course, Plaintiff provided no other factual allegations to support discriminatory actions by Defendant

7

Curry. *Id.* at 3. And by dismissing his discrimination complaint as unfounded, Plaintiff believes Defendant Runck "confirmed she supported this exclusive club" at CMC without any further explanation of the definition or make-up of this alleged exclusive club. Plaintiff fails to link any of his opinions and conclusions to discriminatory actions taken or not taken by Defendants based on his race, color, or national origin.

Despite Plaintiff's attempt to raise a religious discrimination claim in his response, which as explained above is improper, such a claim is nonetheless unsupported under Title VI, which addresses claims of discrimination based on race, color, or national origin. Plaintiff has failed to identify his race, color, or national origin, much less explain the connection between his race, color, or national origin and any actions taken by Defendants. As such, Plaintiff's Title VI claim should be dismissed for failure to state a claim under 12(b)(6).

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

DATED this 12th day of October, 2022.

PHILIP J. WEISER
Attorney General

*/s/Lucia C. Padilla*
Lucia C. Padilla, No. 35150*
Senior Assistant Attorney General
R. Warren Beck, No. 56004*
Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-61XX; -6143
lucia.padilla@coag.gov
warren.beck@coag.gov

ATTORNEYS FOR DEFENDANTS
*Counsel of record

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Defendants' Reply in Support of Motion to Dismiss upon all parties herein by depositing copies of the same via USPS, this 12th day of October, 2022 at Denver, CO addressed as follows:

Paramroop Khalsa
459 Rio Grande Ave.,
New Castle, CO 81647
Paramroop1@gmail.com

*Plaintiff Pro Se*


*/s/Jen Davis-Weiser*