IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01613-MEH

PARAMROOP KHALSA,

    Plaintiff,

v.

COLORADO MOUNTAIN COLLEGE, POLICE ADADEMY,
STEWART CURRY, Director
TODD HALLER, Instructor
LISA RUNCK, and
ELIZABETH POULOS,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff Paramroop Khalsa, proceeding pro se, alleges discrimination by Defendants in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. ECF 1. Before the Court is Defendants' Motion to Dismiss ("Motion"). ECF 11. The Motion is fully briefed, and the Court finds that oral argument would not materially assist in its adjudication. For the reasons that follow, the Motion is granted.

## BACKGROUND

    For the purposes of this ruling, the Court accepts as true the factual allegations—as opposed to any legal conclusions, bare assertions, or conclusory allegations—that Plaintiff raises in his Complaint. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (accepting as true a plaintiff's factual allegations for purposes of Fed. R. Civ. P. 12(b)(6) analysis).

Plaintiff claims that he ran for sheriff in Garfield County in 2018 but lost. ECF 1 at 4. Because he still wanted to become a sheriff, he enrolled in Colorado Mountain College ("CMC") to pass the CLETA exam.[1] *Id*. Plaintiff claims that passing a CLETA exam is required to become a sheriff in Colorado. *Id*.

On September 19, 2019, Plaintiff began taking firearm classes from instructor, Todd Haller ("Haller"), through CMC's Law Enforcement Training Academy degree program. *Id*. at 4-5. Plaintiff alleges that during class introductions, Haller looked at him and said, "We don't get your kind here." *Id*. at 4. Over the next two days, Haller allegedly made several harassing comments to Plaintiff such as, "Khalsa you scare me" and "[Y]ou're a yogi how come you don't get this?" *Id*. In his Response, Plaintiff explains that he is a Sikh who as part of his religious practice wears a turban and does not cut his beard. ECF 22 at 1.

On September 26, 2019, Plaintiff emailed CMC director, Stewart Curry ("Curry"), about this experience with Haller. ECF 1 at 4. After he did not respond, Plaintiff went to Curry's office in person. *Id*. According to Plaintiff, Curry explained that nothing could be done about Haller. *Id*. Plaintiff claims that Curry "lied by not providing the truth about the firearms class" and that he never explained that Haller "was from the paramilitary discipline and military type behavior was expected." *Id*. Plaintiff believes that this knowledge would have "changed the whole outcome" and that "prior to this special class . . . no formal military behavior [was] required." *Id*.

The next day, September 27, Haller and his assistant escorted Plaintiff out of class. *Id*. In his Response, Plaintiff states that Haller and his assistant "premeditated [a] plan to cause [Plaintiff] to make

---

[1] Defendants define this term in their Motion to Dismiss as "Colorado Law Enforcement Training Academy." ECF 11 at 2.

an illegal move and have him removed from the firearms class." ECF 22 at 4. At some point while Plaintiff was escorted out of class, Curry arrived. ECF 1 at 4. Curry told Plaintiff that if he quit, he would be refunded the cost of the firearms course. *Id*. Evidently, Plaintiff did not withdraw. *Id*. at 4-5. He remained enrolled in the firearms course. *Id*.

On October 14, 2019, Plaintiff filed a formal grievance to Dean Lisa Runck ("Runck") alleging discrimination by Haller. *Id*. at 5. On about October 21, 2019, Runck notified Plaintiff that his claims were "false," and no wrongdoing had occurred. *Id*. Runck provided "no additional support or meeting with [] Haller to provide some sort of reconciliation." *Id*. On about November 1, 2019, Plaintiff learned that if he received a Concealed Carry Permit, he would be able to take a gun range course. *Id*. Plaintiff explains that this would make him eligible to retake the firearms class. *Id*.

On August 25, 2020, Plaintiff emailed Curry an image of a completion certificate for a class. *Id*. Plaintiff leaves unclear the certificate's purpose, but presumably it was issued by a gun range course for him to obtain a Concealed Carry Permit. *Id*. Plaintiff asked Curry about enrollment in the firearms course. *Id*. at 5. Curry responded that he would contact Plaintiff in September, 2020, but Plaintiff denies that he ever did. *Id*. On December 16, 2020, Plaintiff again asked Curry to re-enroll him in the firearms class. *Id*. Curry declined to do so but explained that he would contact Plaintiff again in April. *Id*. Plaintiff says that Curry did not contact him by then. *Id*.

On August 16, 2021, Plaintiff emailed Curry to request enrollment in the next firearms class. *Id*. Dean Elizabeth Poulos ("Poulos") responded in Curry's place. *Id*. Moreover, she conferred a Criminal Justice Associates Degree to Plaintiff. *Id*. Plaintiff denies meeting the requirements for the degree, as he still had not completed the firearms class. *Id*. Poulos explained

3

that to retake the firearms class, Plaintiff must retake the entirety of the Law Enforcement Training Academy degree program. *Id*.

Plaintiff raises a single claim under Title 42 U.S.C. § 2000d ("Title VI") against all Defendants. *Id*. at 4. Plaintiff requests monetary damages in the amount of $480,000. *Id*. at 5.

## LEGAL STANDARDS

### I.   Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id*. (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Pueblo of Jemez*, 790 F.3d at 1151. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

4

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id*. at 1002-03 (citations omitted). The present Motion is a facial attack on subject matter jurisdiction; therefore, the Court will accept the truthfulness of the Complaint's factual allegations.

## II.   Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *S.E.C. v. Shields*, 744 F.3d 633, 640

5

(10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

### III. Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. U.S.*, 561 F.3d 1090, 1096

(10th Cir. 2009) (quoting *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

### I. Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1)

Defendants raise two arguments for dismissal pursuant to Fed. R. Civ. P. 12(b)(1). ECF 11 at 2, 10-11. First, the claims against CMC's "Police Academy" should be dismissed because it is not an entity. *Id*. at 10. Second, the claims against the individual Defendants should be dismissed because Title VI does not provide an avenue for individual liability. *Id*. Since these arguments concern subject matter jurisdiction, the Court will address them prior to any of Defendants' other contentions.

#### A. No "Police Academy" Entity

Plaintiff names "Colorado Mountain College, Police Academy" as a defendant in this lawsuit. *See* ECF 1. However, there is no such entity known as the "Police Academy." ECF 11 at 10; ECF 23 at 3-4. While Plaintiff did attend CMC's Law Enforcement Training Academy, it is a degree program within the institution. ECF 23 at 3-4. The program does not exist independently in its own right. *Id*. Because a nonexistent entity cannot be sued, the claim against the "Police

7

Academy" is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 17(b). However, the Court assumes that CMC is a proper Defendant party.

      B.      <u>Individuals Cannot Be Liable Under Title VI</u>

Title VI of the Civil Rights Act prohibits the exclusion from participation in, denial of benefits of, or discrimination under federally assisted programs on ground of race, color, or national origin. Title 42 U.S.C. § 2000d. Title VI defines "programs" as colleges, universities, public systems of higher education, or other post-secondary institutions that receive federal funding. *Id*. at § 2000d-4a. Under Title VI, individuals employed by these programs may not be sued for liability; only the "programs," meaning the school, is the proper defendant. *Webb v. Swensen*, 663 F. App'x 609, 613 (10th Cir. 2016). "Title VI forbids discrimination only by recipients of federal funding; therefore, individual employees of such entities are not liable under Title VI." *Baker v. Bd. of Regents of Kan.*, 991 F.2d 628, 631 (10th Cir. 1993). To state a claim under Title VI, a plaintiff must allege: "(1) that there is racial or national origin discrimination and (2) the *entity* engaging in discrimination is receiving federal financial assistance." *Id*. (emphasis added).

Plaintiff claims discrimination under Title VI against Curry, Haller, Runck, and Poulos. *See* ECF 1. Each of these individuals are CMC employees. *Id*. Individuals cannot be held liable under Title VI, only the entities which employ them. *Baker*, 991 F.2d at 631. Therefore, the claim as raised against Curry, Haller, Runck, and Poulos is dismissed.

**II.**      <u>**Statute of Limitations**</u>

For Title VI claims, no federal statute of limitations is expressly provided. *Id*. at 630. "[Courts] look to state law to determine the applicable limitations period." *Keith v. Koerner*, 843 F.3d 833, 850 (10th Cir. 2016) (citing *Garcia v. Wilson*, 731 F.2d 640, 642 (10th Cir. 1984)). When

looking to state law for the applicable period, courts must determine the nature of the federal claim alleged. *Garcia*, 731 F.2d at 642. Next, the court must decide which state limitations period is appropriate for the nature of the federal claim. *Id*. In the Tenth Circuit, Title VI claims are characterized as claims for personal injury rights. *Baker*, 991 F.2d at 631. In Colorado, the limitations period for personal injury actions is two years. Colo. Rev. S. § 13-80-102(f) & (g). Therefore, the appropriate limitations period is two years.

While state law defines the limitations period, federal law determines when accrual begins. *Baker*, 991 F.2d at 632. "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*. Accrual begins when the plaintiff becomes aware of facts that would put a reasonable person on notice. *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004).

Here, Plaintiff filed an internal grievance to Runck concerning discrimination by Haller on October 19, 2019. ECF 1 at 5. At that point, Plaintiff clearly believed Haller's conduct was harmful. The grievance creates a clear point in time showing when he perceived harmful conduct. Two days later, on October 21, 2019, Runck informed Plaintiff that no wrongdoing had occurred and that the complaints in his grievance were false. *Id*. Giving Plaintiff the benefit of the later grievance decision date, the limitations period ran until October, 21, 2021, two years after Runck notified Plaintiff that there was no wrongdoing (the latest accrual event). Yet, the Complaint was filed eight months after the end of the limitations period on June 29, 2022. ECF 1. Plaintiff suggests in his Response that the degree conferral was an adverse action. ECF 22 at 3. However, he does not explain how it was adverse or harmful to him. Therefore, the Court dismisses Plaintiff's claim in its entirety.

For the sake of thoroughness, the Court also discusses the pleading defects that Defendants say likewise warrant dismissal. That is, Defendants allege that Plaintiff fails to state a plausible 42 U.S.C. § 2000d claim.

### III.     12(b)(6) Failure to State a Claim

As a preliminary matter, the Court must address Plaintiff's attempt to raise a new Title 42 U.S.C. § 1983 claim in his Response. ECF 22 at 3-4. The Court may only consider the allegations contained in the Complaint when ruling on a 12(b)(6) Motion to Dismiss. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). A plaintiff may not amend his complaint in a responsive pleading. *Luck v. Smith*, No. 17-cv-00183-WJM-NYW, 2017 WL 3970512, *4 (D. Colo. 2017) (citing *In re Qwest Communications Int'l., Inc*., 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004)). Even if made in the Complaint, the claim is barred under the statute of limitations. *Baker*, 991 F.2d at 630. Therefore, the Court will only consider the allegations in the Complaint.

As previously stated, Title VI prohibits the exclusion from participation in, denial of benefits, or discrimination under any federally funded program due to the person's race, color, or national origin. 42 U.S.C. § 2000d. Title VI claims require Plaintiff to make two allegations: (1) CMC intentionally discriminated against him based on his race, color, or national origin, and (2) CMC receives federal funding. *Id*. The allegations "must demonstrate a nexus exists between these allegedly discriminatory statements" and CMC's allegedly adverse actions. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994). When reviewing purely academic decisions, courts are encouraged to respect the faculty's professional judgment. *Irwin v. Bd. of Regents for Okla. Agric. & Mech. Colls*., 68 F.3d 483, 1995 WL 597257, *2 (10th Cir. 1994) (Table decision) (quoting *Regents of Univ. of Mich. V. Ewing*, 474 U.S. 214, 255 (1985)).

For present purposes only, the Court assumes in Plaintiff's favor that Haller did make the alleged statements and that they could be construed as suggesting a discriminatory intent. The Court also assumes, for present purposes only, that although Plaintiff is bringing this lawsuit for religious discrimination (ECF 22 at 1), he could belong to a protected class under § 2000d (race, color, national origin). Finally, the Court assumes that the inability to complete the firearms course could be a form of adverse action (even if Plaintiff leaves this point unclear). Plaintiff has not made any allegations that CMC is a federally funded institution, nor does CMC dispute that it is. *See generally* ECF 11 and ECF 23. While the Court finds that Plaintiff's claim is plausible, the statute of limitations bars it. *Baker*, 991 F.2d at 632; *Alexander*, 382 F.3d at 1216. Plaintiff's Response suggests receiving his degree was an adverse action. Even though he did not take the firearms course, the claim is not plausible. Plaintiff does not further explain how receiving his degree adversely affected him either.

## IV. No Leave to Amend

Dismissal of a case is a harsh remedy, and a pro se litigant's pleadings are to be construed liberally. Generally, a court may give such a litigant the opportunity to amend the complaint to cure a pleading defect. *Hall*, 935 F.2d at 1109-10; *Reynolds v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). However, a court may dismiss a complaint without an opportunity to amend if "it is patently obvious that plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." *Curly v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110).

Plaintiff's claims are time-barred as the limitations period has expired. Because Plaintiff cannot state a Title VI claim as a matter of law, there is little reason to believe that he would be successful on a future amendment. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

"We have stated that '[d]ismissal of a pro se complaint for failure to state a claim is proper only where . . . it would be futile to give him an opportunity to amend.'" *Id.* (quoting *Perkins, v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Accordingly, the Court dismisses the claim with prejudice and without leave to amend.

## CONCLUSION

Defendants' Motion to Dismiss [filed August 30, 2022; ECF 11] is **granted**. Plaintiff's claim is dismissed with prejudice. The Clerk of the Court shall enter Final Judgment in Defendants' favor and close this case.

Entered this 17th day of November, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge